

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 MAR 30 PM 1: 27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Case No.-----------------------------------------

Melissa Hays an adult since 1996

280 Bentley Drive

Fairbanks, Alaska 99701

Phone 907 455 9378

**4:06-CV-00009 (RRB)**

Plaintiff,

v.

Defendant

**CHOCHITI PROPERTIES, INC., JAMES BULLOCK Listed Owner and Attorney, State of Colorado Otero County District Court and other parties as they become known.**

### PETITION TO VACATE A VOID JUDGMENT

Melissa Hays, an adult since March 6, 1996, owner of an undivided interest of 794 Acres of land and minerals which I value at more than one thousand Dollars per acre, is filing this Petition to this Court to Vacate the Void Judgment entered by OTERO COUNTY DISTRICT COURT in Case No. 00 CV 29 by M. Jon Kolomitz based upon the lack of subject matter jurisdiction, personal jurisdiction, and Fraud perpetrated upon the OTERO COUNTY DISTRICT Court by the Non Service of Process upon Melissa Hays, Adult and ALASKAN CITIZEN, Melissa Hays. by **CHOCHITI**

**PROPERTIES, INC., JAMES BULLOCK Listed Owner and Attorney,**

and other currently unknown parties.

---

This Petition is necessary to stop the unlawful and fraudulent actions of James Bullock and His CHOCHITI PROPERTIES and to prevent further damage being done to the Melissa Hays and to her undivided interest in property, taken without service of process upon her.

1. Melissa Hays, Adult and ALASKAN CITIZEN Melissa Hays aggrieved party, petition this court under authority of The State of Alaska, being a Adult (Since 1996) resident of Alaska. and the Colorado Constitution and Colorado Codes petition this court by right of Diversity as I am an Alaskan. I move for vacation of a void judgment of Otero County District Court 00 DV 29, a certified copy of which is attached.

1

2. The record made in OTERO COUNTY DISTRICT COURT, Case No.00 CV 29, verifies that the court lacked both personal and subject matter jurisdiction to rule and determine that the property described as:

Township Twenty-four (24) South, Range 58 West of the 6th P.M.

| | |
|---|---|
| Section 2: | E1/2 SE1/4 |
| | NW1/4SE1/4 |
| | NE1/4SW1/4 |
| | S1/2n1/2 |
| Section 20: | S1/2NE1/4 |
| | NW1/4SE1/4 |
| | SE1/4NW1/4 |
| Section 21: | S1/2 (Less U.S. Highway 10 Right of Way) |

All in Otero County, Colorado

3. Courts are constituted by authority, and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal

## BRIEF IN SUPPORT MADE IN AFFIDAVIT FORM

4. The real party of interest ( Melissa Hays ) and owner of undivided interest to the above described property as evidenced by the attached Deed, which was properly recorded with the Otero County Recorder's Office on AUGUST 24, 1992, (8 years prior to the filing of case no 00 CV 29) was never notified of, or made a party to the case.

5. Without Melissa Hays (the proper party) before the Court, the Court lacked both personal jurisdiction and subject matter jurisdiction.

6. Where the Court lacked jurisdiction to hear the case, any and all decisions of the Court are Void, and must be Vacated.

7. The Court's decision was made without any jurisdiction, and was based entirely on Fraudulent documents and claims made by the attorney representing CHOCHITI PROPERTIES, INC.

8. "Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process," U.S.C.A. Const. Amend. 5 - Triad Energy Corp. v. McNeil 110 F.R.D. 382 (S.D.N.Y. 1986), and "Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process," Fed. Rules Civ. Proc.,

Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const. Amend. 5 - <u>Klugh v. U.S.</u>, 620 F.Supp. 892 (D. S.C. 1985).

9. The fact that CHOCHITI PROPERTIES, INC. is not a registered collection agency and has no right to collect anything, much less judgments for others.

10. In the Judgment issued by the District Court, County of Otero County District Court, State of Colorado, in Case No. 00 CV 29, the court granted Quiet Title as result of a motion for Default Judgment which is in violation of C.R.C.P. Rule 105 Annotated, and contrary to the findings in <u>Osborne v. Holford</u>, 40 Colo. App. 365, 575 P.2d 866 (1978)

## AUTHORITIES

11. A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties. <u>Rook v. Rook,</u> 233 Va. 92,95,353 S.E.2d 756,758 (1987)

12. A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", <u>WAYNE MUTUAL. ASSOC. v. McDONOUGH,</u> 204 U. S. 8,27 S. Ct. 236 (1907).

13. "Jurisdiction can be challenged at any time." <u>Basso v. Utah Power & Light Co.</u> 495 F 2d 906, 910.

14. "Once challenged, jurisdiction cannot be assumed, it must be proved to exist. " <u>Stuck v. Medical Examiners</u> 94 Ca 2d 751.211 P2d 389.

15. "Statements of counsel in brief or argument are not facts before the court. Statements of counsel in brief or in argument are not sufficient for a motion to dismiss or for summary judgment", Trinsey v. Pagliaro. D.C. Pa. 1964, 229 F. Supp. 647.

16. "The real party in interest is the person entitled to the avails of the suit." Skinner v. Skinner, 38 Neb. 756, 57 N. W. 534

17. "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York 37 F Supp. 150

18. "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." 100 S. Ct. 2502 (1980)

19. The Supreme Court also ruled that it is a fact of law that the person asserting jurisdiction must, when challenged prove that jurisdiction exists. See McNutt v. G.M., 56 S.Ct. 789, 80 L.Ed. 1135; and Thompson v. Gaskiel, 62 S.Ct. 673, 83 L.Ed. 111.

20. The Supreme Court held that jurisdiction is never a cause and prejudice issue and can be raised at anytime. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541; 106 S.Ct.1326, 1331, 89 L. Ed. 2d 501 (1986).

21. All officers of the court for Otero County, Colorado are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519-421, and Platsky v. C.I.A. 953 F.2d. 25.

## SUMMARY

22. In Summary, the Court has a duty to protect the rights and property of individuals, and not to ignore the Fact that the Real Party of Interest was not before the Court is absurd.

23. Had the Court been presented with and to inspected the Deed recorded with the Otero County Recorder's Office it would have known that the real party of interest was not notified.

24. If the real party of interest (Melissa Hays) had been made a part of the proceeding, it could have proven that she was an adult and then could have moved to this Court.

## CONCLUSION

25. The rule of law requires vacation of the judgment in Case No. 00 CV 29, judgments voided, and compensating Melissa Hays for the damages yet to be determined and for the costs of bringing this action.

I/We affirm that to the best of my/our knowledge, information, and belief formed after reasonable inquiry, and grounded in Fact and existing law that the argument for Vacation of a Void Judgment is justified and is not interposed for any improper purpose, such as to cause unnecessary delay or a needless increase in the cost of litigation.

Respectfully submitted on this 17 day of March, 2006    Melissa C Hays

See next page

BK 866 PG 420 RECEPTION 533573  09/02/92 01:53P
STELLA SEDILLO, RECORDER OTERO COUNTY   1 OF 1

=QUIT-CLAIM DEED

THIS DEED, Made this 24th day of August in the year of our Lord one thousand and nine hundred and 92 between Eldon Hays whose address is 9254 HWY. 10 Manzanola State of Colorado., of the first part, and Grace Hays and Grace Hays and Eldon Hays Trustees For Mellisa Hays (a Minor Child) Grace Hays And Eldon Hays Trustees For Philip Mullens (a Minor Child.) whose address is P.O. Box 292 Wiley, Colorado. County of Prowers State of Colorado, of second part,

Witnesseth, That the said party of the first part, for and in consideration of the sum of Twenty Dollars, to the said party of the first part in hand paid by the said part ies of the second part, the receipt whereof is hereby confessed and acknowledged, has remised, released, sold, conveyed and Quit-Claimed, and by these presents do remise, release, sell, convey and Quit-Claim unto the said part ies of the second part, Their heirs and assigns, forever, all the right, title, interest, claim and demand which the said part y of the first part have in and to the following described REAL ESTATE situate, lying and being in the County of Otero and State of Colorado, to-wit:

The S½ NE¼ and NW¼ SE¼ and SE¼ NW¼ Sec 20 TWP 24 S Range 58 W. 6th P.M.
The E½ SE¼ and NW¼ SE¼ and NE¼ SW¼ and S½N½ Sec. 2 TWP 24 S. Range 58 W. 6th P.M.
The S½ Sec. 21 Less HWY. 10 Right of way, TWP 24 S. Range 58 W. 6th P.M. All in OTERO COUNTY COLORADO.

To Have and to Hold the Same, Together with all and singular the appurtenances and privileges thereunto belonging or in anywise thereunto appertaining, and all the estate, right, title, interest and claim whatsoever of the said part y of the first part, either in law or equity, to the only proper use, benefit and behoof of the said part ies of the second part, Their heirs and assigns, forever.

In Witness Whereof, The said part y of the first part have hereunto set Their hand and seal the day and year first above written.

_Eldon Hays_ (SEAL)
Eldon Hays

STATE OF COLORADO

County of Otero  The foregoing instrument was acknowledged before me this 2nd day of September, 19 92 by Eldon Hays

Witness my hand and official seal.
My commission expires March 16, 1993

NOTARY PUBLIC.

State Documentary Fee
Date SEP 02 1992

DISTRICT COURT, OTERO COUNTY, COLORADO
Case No. 00 CV 29

JUDGMENT

CHOCHITI PROPERTIES, INC.,
Plaintiff,

vs.

GRACE HAYS AND GRACE HAYS AND ELDON HAYS TRUSTEE FOR MELISSA HAYS a minor child, and GRACE HAYS AND ELDON HAYS TRUSTEES FOR PHILIP MULLEN a minor child,
Defendant.

FILED IN COMBINED COURT
OTERO COUNTY, COLO.

JUL 20 2000

Now on this 20th day of July 2000, this cause comes to be heard upon the Complaint of the plaintiff, and the default of the defendants heretofore duly entered according to law, James R. Bullock, Esq., appearing for the plaintiff, and the defendants, though duly summoned, come not, and the Court having heard the evidence and being now fully advised in the premises, doth find:

1.      That Summons was served upon the defendants GRACE HAYS, GRACE HAYS AND ELDON HAYS TRUSTEE FOR MELISSA HAYS a minor child, and GRACE HAYS AND ELDON HAYS TRUSTEES FOR PHILIP MULLEN a minor child, in Prowers County, State of Colorado, on June 23, 2000; that the legal time for answering has expired; that no answer, motion, demurrer or pleading of any kind to the Plaintiff's complaint has been filed by said defendants; that the default of the said defendants was heretofore duly entered according to law; that venue has been considered and is proper;

2.      Plaintiff is assignor of certain judgments which was dully given and entered in favor of John Gehlhausen, P.C., and against the Defendants Grace Hays and Eldon Hays in the United States District Court for the District of Colorado in Civil Action No. 94 Z 950 in the amount of $6,980.45 together with interest and other allowable costs together with interest since December 15, 1995 and judgment entered in the United States District Court for the District of Colorado in Civil Action No. 95 Z 1404 in the amount of $1,731.63 together with interest and other allowable costs and interest since December 15, 1995.

3.      A judgment was duly given made and recovered in favor of Plaintiff and against the Defendant Eldon Hays in the District Court of Otero County State of Colorado in Case No. 99 CV 116 on December 27, 1999 in the amount of $727.75.

4.      The Defendant Eldon Hays on or about August 24, 1992 executed and delivered to the Defendants Grace Hays and Grace Hays and Eldon Hays trustees for Melissa Hays and Grace Hays and Eldon Hays trustees for Philip Mullens a pretended deed of conveyance of certain real estate

which deed was recorded in the office of the Otero County Clerk and Recorders Office in Book 866 at Page 420. The property described in said deed is as follows:

<u>Township Twenty-four (24) South, Range 58 West of the 6th P.M.</u>

| | |
|---|---|
| Section 2: | E1/2SE1/4 |
| | NW1/4SE1/4 |
| | NE1/4SW1/4 |
| | S1/2N1/2 |
| Section 20: | S1/2NE1/4 |
| | NW1/4SE1/4 |
| | SE1/4NW1/4 |
| Section 21: | S1/2 (Less U.S. Highway 10 Right of Way) |

All in Otero County Colorado

  4. The above described deed was made without consideration and with the intent to hinder, dely and defraud the Defendant's creditors upon their claims against said Defendant and was so accepted by the said Defendants.

  5. Since the execution of the Quit Claim Deed the Defendant Eldon Hays has continued to manage and own the property without regard for the fiduciary relationship established in said deed, that no trust registration pursuant to Colorado Statutes has been recorded and that said deed is a fraud and sham in an effort to defraud creditors.

  WHEREFORE, it is considered, ordered and adjudged by the Court that judgment be entered in favor of the plaintiff Chochiti Properties, Inc. and against the defendants GRACE HAYS, GRACE HAYS AND ELDON HAYS TRUSTEE FOR MELISSA HAYS a minor child, and GRACE HAYS AND ELDON HAYS TRUSTEES FOR PHILIP MULLEN a minor child, said transfers and conveyances described above be set aside and declared void against the Plaintiff and that the Plaintiff's judgments be declared to be liens against the above described property, together with costs of this action to date in the amount of $135.96 plus future costs to be taxed.

M. Jon Kolomitz
District Judge

COMBINED COURT OF
OTERO COUNTY, COLORADO
Certified to be a true copy of the original document in my custody.
Clerk
Dated at LaJunta, Colo. 3-13-06
Deputy Clerk